IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLLINGS DIVISION

| | |
|---|---|
| JAMES RONALD WILSON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 24-48-BLG-SPW<br><br>ORDER |

Pending before the Court is a document filed by pro se prisoner James Ronald Wilson ("Wilson") entitled "Motion for Representation Appointments Federal Legal Counsel." (Doc. 1.)

Wilson essentially asks this Court to order an investigation into the prosecution and conviction that occurred in his state criminal proceedings in *State v. Wilson*, Cause No. DC-2009-34. (*Id.* at 2.) Wilson alleges that his due process rights were violated, and a fundamental miscarriage of justice occurred, during the investigation conducted by Rosebud County's Chief of Police, Larry Reinlasoder. (*Id.*) Wilson believes Reinlasoder engaged in professional misconduct that prejudiced the entire investigation. Specifically, Wilson asserts Reinlasoder: failed to request an expert in homicide crime investigation to assist; failed to secure a

1

search warrant, which resulted in destruction of evidence; provided false
information to newspapers which tainted the jury pool; and lied in his police
report.  (*Id.*)

Wilson next claims that he has evidence, discovered after his trial, that
establishes Reinlasoder violated his right to equal protection.  (*Id.* at 3.)  The
evidence is that Reinlasoder falsified information on his application when he
originally applied for the Chief of Police position.  Additionally, Wilson asserts
that Reinlasoder engaged in sexual misconduct during his employ, which resulted
in civil litigation and a wrongful termination suit.  (*Id.*)  Wilson believes all of this
information is sufficient to show that Reinlasoder was working under "falsified
employment" when he conducted Wilson's criminal investigation.  Wilson asserts
he is entitled have the prior investigation "removed" and asks this Court to order a
new trial or provide other relief.  (*Id.*)

## I.   Analysis

By way of background, the Court notes Wilson was charged with Deliberate
Homicide, Negligent Homicide, and Attempted Deliberate Homicide for the
shooting of three people outside of a bar in Colstrip, Montana.  A jury in
Montana's Sixteenth Judicial District, Rosebud County, found Wilson guilty of all
three offenses.  On October 4, 2011, Wilson was sentenced to a net 220-year
sentence at the Montana State Prison.

The Court is familiar with Wilson; he previously filed a petition for federal habeas relief under 28 U.S.C. § 2254. *See Wilson v. Bludsworth*, Cause No. CV-20-45-BLG-SPW, Pet. (filed April 10, 2020). Wilson's petition was ultimately denied and dismissed when it was determined that three of Wilson's claims were procedurally defaulted without excuse, and that his actual innocence claim did not survive deferential review. *Wilson v. Bludsworth*, Cause No. CV-20-45-BLG-SPW, Ord. (D. Mont. Sept. 12, 2022). On February 21, 2023, the Ninth Circuit Court of Appeals denied Wilson a certificate of appealability and dismissed his appeal. *Wilson v. Bludsworth*, No. 22-35845, Ord. (9th Cir. Feb. 21, 2023).

As Wilson's filing stands, there are several issues. The first, is that federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts or state officials. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decision"). Wilson asks this Court to launch its own investigation into events that occurred from 2009 to 2011, during his state court proceedings. Not only does this Court lack jurisdiction to act in the manner suggested by Wilson, but it would also be wholly improper for this Court to do so.

Relative to the claims presented in the instant matter, Wilson previously

3

raised his concerns surrounding Reinlasoder's investigation, and his subsequent

wrongful termination case, in this Court.  The information was considered, and it

was determined that Wilson's "newly discovered evidence" was not of the kind

and character that would affect this Court's consideration of his federal

constitutional claims.  *See e.g., Wilson v. Bludsworth*, Cause No. CV-20-45-BLG-

SPW, Find. & Rec., at 9-11 (filed Oct. 13, 2021).  At this juncture, however, the

repetitive nature of Wilson's claims matters not.

If the present filing is construed as a petition for habeas relief under § 2254,

this Court lacks jurisdiction to hear a second petition challenging Wilson's 2011

state conviction, unless he first obtains authorization from the Court of Appeals to

file a second habeas petition.  28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S.

147, 149 (2007) (per curiam).  To the extent Wilson intends to make any new

arguments, he may attempt to present those arguments to the Court of Appeals.  As

it stands, the present filing is an unauthorized second/successive petition and must

be dismissed for lack of jurisdiction.  *Burton*, 549 U.S. at 149.

This Court must dismiss any claim which was presented in a prior habeas

petition.  28 U.S.C. § 2244(b)(1).  A new claim in a second or successive petition

must be dismissed even if not presented in a prior habeas petition, unless the claim

rests on new law, new evidence, or Petitioner's actual innocence.  28 U.S.C. §

2244(b)(2).  Even in the latter circumstance, leave of the Court of Appeals is

required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Wilson is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Wilson obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt this
Court lacks jurisdiction and there is no basis to encourage further proceedings at
this time.

Based upon the foregoing, the Court enters the following:

### ORDER

1.  This matter is **DISMISSED** for lack of jurisdiction.  Absent leave from
the Ninth Circuit, Wilson should refrain from making further challenges to his
2011 state judgment of conviction in this Court.

2.  The Clerk of Court is directed to enter, by separate document, a
judgment of dismissal.

3.  A certificate of appealability is DENIED.

DATED this _17th_ day of May, 2024.

Susan P. Watters
United States District Court